**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WAYNE WILLIS,**
        **Plaintiff,**

-vs-                                                          Case No.  6:03-cv-1334-Orl-31JGG

**RYAN INCORPORATED EASTERN,**
        **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 44)**
>
> **FILED:**       **April 12, 2006**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the case be **DISMISSED with prejudice**.

I.    **INTRODUCTION**

    Plaintiff, Wayne Willis, allegedly was terminated from his employment with Defendant Ryan Incorporated Eastern on January 25, 2002. Complaint, Docket No. 1 at ¶ 12. On February 5, 2002, Willis filed a written charge with the Florida Commission on Human Relations alleging that he was terminated due to age discrimination. Docket 1 at ¶ 16. After receiving a right to sue letter from the EEOC, Willis filed suit on September 16, 2003, alleging violation of the Age Discrimination in Employment Act. Docket 1 at ¶ 15. Although the Complaint alleges several forms of damages, no amount of damages is alleged, and there are no allegations from which an amount of damages could

be calculated. Plaintiff filed a return of service showing that the Defendant was served on November 3, 2003. Docket No. 8.

On December 29, 2003, Donald Kaplan, Assignee for the Benefit of Creditors of Defendant, filed in this action a Notice of Assignment for the Benefit of Creditors. Docket No. 9. On March 4, 2004, the Court entered a stay of the action and ordered Defendant to produce the assignment documents to Plaintiff's counsel. Docket No. 12. On March 16, 2004, Kaplan filed a Notice of Serving Assignment Documents and included the Petition Commencing Assignment for the Benefit of Creditors that was filed on March 19, 2003, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 03005037. Docket No. 13. On March 18, 2004, Defendant specially appeared[1] and filed a Suggestion of Assignment and Notice of Compliance with Order to Produce Documents. Docket No. 14.

The Court next ordered Plaintiff to file quarterly status reports. Docket No. 15. Plaintiff subsequently filed status reports, although Plaintiff usually failed to do so until the Court issued an order to show cause why the status report had not been filed. See Docket Nos. 18-24, 26, 29-30. At a status conference held on February 2, 2006, the Court lifted the stay and set the case for trial. Docket Nos. 35-36.

On March 22, 2006, Plaintiff filed a motion for default, as Defendant failed to answer or otherwise respond to the complaint. Docket No. 40. On March 27, 2006, the Court granted Plaintiff's motion and ordered Plaintiff to move for entry of default judgment within twenty days. Docket No. 42. Plaintiff filed his motion for default judgment on April 12, 2006. Docket No. 44. The motion

---

[1] All appearances by Defendant in this action, including later referenced appearances, were special appearances.

for default judgment contained no statement of damages and was unsupported by any affidavits or other evidence establishing an amount of damages.

On May 8, 2006, the Court issued a notice of evidentiary hearing on Plaintiff's motion for default judgment and ordered Plaintiff "to appear in person at the hearing to provide any necessary testimony or evidence regarding his damages claims." Docket No. 45. The Court also ordered Plaintiff to file and serve on the Defendant before May 26, 2006, a computation of damages, expert's reports (if any) regarding damages, admissible evidence regarding Plaintiff's wages and benefits, and affidavits and billing statements supporting any claims for attorneys' fees and costs. Docket No. 45. The Court also ordered Defendant to inform the Court whether or not it intended to appear at the hearing and whether it intended to submit any evidence. Docket No. 45.

On May 18, 2006, Defendant informed the Court it believed Plaintiff could not recover on any judgment due to the Assignment for the Benefit of Creditors. Docket No. 46. Defendant, therefore, stated its intention not to appear at the hearing unless the Court specifically ordered it to appear. Docket No. 46. On May 22, 2006, the Court ordered Defendant's counsel to appear at the hearing and to be prepared to address the Court's jurisdiction of this matter, including the effect of the assignment action under Florida law. Docket No. 47.

On May 26, 2006, Plaintiff moved to continue the hearing. Docket No. 45. Plaintiff's counsel stated that his only means of contacting Plaintiff was through a post office box address, and Federal Express refuses to deliver to post office boxes. Docket No. 45. No reason was given as to why regular mail was insufficient to contact Plaintiff. Also, no reason was given why Plaintiff's counsel failed to timely provide his affidavit or billing statements supporting the claim for attorneys' fees. The Court denied the motion for an extension of time, finding that ample notice of the filing and hearing

dates had been given and that Plaintiff failed to establish good cause for the continuance. Docket No. 49. The Court's order gave Plaintiff a second opportunity to comply with its May 8, 2006, order and to submit the required information by noon on June 1, 2006. Docket No. 49. Plaintiff was warned that "[f]ailure to comply with the Court's orders may result in the imposition of sanctions, including, but not limited to, striking of pleadings and dismissal of the case." Docket No. 49.

On June 1, 2006, Plaintiff filed a Statement of Damages. Docket No. 50. The Statement of Damages contained no evidentiary support, and merely provided a calculation of damages based on estimates and arguments by Plaintiff's counsel. Again, Plaintiff's counsel failed to submit an affidavit and billing statements supporting his fees and costs, although $15,500 in attorneys' fees and costs were claimed. Docket No. 50 at ¶ 7.

At the same time, Plaintiff's counsel moved to appear at the evidentiary hearing by telephone. Docket No. 51. The Court granted in part and denied in part the motion. Docket No. 52. The Court's order reiterated its prior warning that the Plaintiff must appear personally at the hearing, and that failure to comply with Court orders could result in dismissal of the case. *Id*. The Court noted in the order that, to date, Plaintiff had submitted no evidence that would support an award of damages on default judgment, and that the evidentiary hearing was Plaintiff's last opportunity to present evidence. *Id*. If Plaintiff intended to present evidence in support of his motion, he must appear in Court as ordered. *Id*. Further, the Court required Plaintiff's counsel to appear personally with his client. *Id*. If Plaintiff did not intend to introduce evidence, his counsel could appear by telephone. *Id*.

At the hearing, counsel for both parties appeared by telephone. Plaintiff did not appear. Plaintiff's counsel, James Lowy, stated that he had informed his client of the need to present evidence in support of default judgment. Lowy stated that he last talked to his client about two months ago and

that he felt he had done everything he could to obtain his client's cooperation with the Court's orders. Lowy also specifically stated he sent letters to his client dated May 24, May 26, and May 31, 2006, regarding the evidentiary hearing.

Defendant stated that it did not contest the Court's jurisdiction over this matter. Defense counsel further stated that the assignee had liquidated all of Defendant's assets, that no payments were made to any unsecured creditors because there was nothing left after paying the claims of secured creditors and tax liens, and that the assignment case was closed by the state court. Defense counsel stated that Defendant was not an ongoing business and had received no assets since the closure of the assignment case. It was Defendant's position that it is, and will continue to be, judgment proof.

Lowy again requested that the Court give Plaintiff an extension of time to present evidence, although he acknowledged that Plaintiff probably could not recover on any judgment entered.

II.   **THE LAW**

The Court may dismiss a case upon motion "for the failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is appropriate where there is a record of "willful" contempt and an explicit or implicit finding that lesser sanctions will not suffice. *Gratton v. Great Am. Commc'n.*, 178 F.3d 1373, 1374 (11th Cir. 1999). A court need not wait upon a motion to dismiss a case, but it has the inherent authority to dismiss a case *sua sponte* for lack of prosecution. *See, Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Further, each party is deemed bound by the acts of his lawyer, and is considered to have notice of all facts known by his attorney. *Id*. at 633-34.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997), *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

Rule 1.07(b) of the United States District Court for the Middle District of Florida (hereafter referred to as "Local Rules") addresses default judgments. In particular, Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the

> Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., *failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice*; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown. (Emphasis added.)

Local Rule 3.09(a) provides that no trial, hearing or other proceeding shall be continued upon stipulation of counsel alone, but a continuance "may be allowed" by order of the Court for good cause shown.  Failure to appear for a noticed trial or hearing can be grounds for dismissal of the action. *See, Wrubleski v. Comm'r of Internal Revenue*, 2005 WL 3022006 (11th Cir. Oct. 20, 2005).

III.    **ANALYSIS**

The Local Rules clearly inform litigants that default judgments are to be pursued promptly, and failure to do so may result in dismissal without notice. See Local Rule 1.07(b).  This is a case where there has been repeated delay by Plaintiff in prosecuting the case and, when he finally moved for default judgment, he failed to appear for the evidentiary hearing to establish his damage claims. Given the delay in prosecution described below and the failure to establish good cause for a continuance, the Court concludes that no sanction short of dismissal would be appropriate.

The Court has had to push and prod Plaintiff to prosecute his case almost every step of the way.  Initially, Plaintiff failed to comply with the Court's Related Case Order at Docket 3, and the Court had to issue an Order to Show Cause ("OSC") to obtain the required information.  Docket 4. Following the filing of the return of service on November 19, 2003, Docket 8, the Court had to issue another OSC to determine the status of the case when no answer was filed.  Docket 10.  Subsequently, after the Court ordered Plaintiff to file quarterly status reports, none of the status reports were timely

filed.[2]  The Court issued five OSCs requiring Plaintiff to file a status report when he failed to timely file his report.  See Docket Nos. 17, 19, 22, 24, and 29.  Each of the OSCs warned Plaintiff that his case could be dismissed without further notice if he failed to comply with the Court's order.  Docket No. 17, 19, 22, 24, and 29.

On March 27, 2006, when the Court granted Plaintiff's motion for default, the Court ordered Plaintiff to move for entry of default judgment within 20 days.  Docket 42.  Although Plaintiff filed a motion for default judgment within the time set by Court order, the motion was not supported by any evidence that would enable the Court to determine damages.  Docket 44.  Further, the complaint failed to set forth a sum certain or any facts from which a computation for a sum certain could be made.

When a motion is based on facts not in the record, the Court may hear the matter based on affidavits and/or may take oral testimony.  Fed. R. Civ. P. 43(e).  In this case, the Court decided upon a combination of methods.  Plaintiff was ordered to appear and testify, although other evidence could be presented by affidavit.  See Docket 45.  The Court also ordered Plaintiff to present evidence of attorneys' fees and costs by affidavit.  *Id*.  The Court gave Plaintiff seventeen days to submit affidavits and other evidence, and twenty-five days notice of the hearing date.  *Id*.

On the last day to submit affidavits, Plaintiff moved for an extension of time.  As stated above, the only reason for the continuance was that Plaintiff's counsel stated that his only means of contacting Plaintiff was through a post office box address, and Federal Express refuses to deliver to post office boxes.  Docket No. 45.  No reason was given as to why regular mail was insufficient to

---

[2] Only one status report is arguably timely.  The Court assumes Plaintiff's status report filed December 13, 2004, was for the last quarter of 2004.  Docket 21.  The Court's order at Docket 15 required the report to be filed on the last Friday of the quarter.  Therefore, the report appears premature.

contact Plaintiff. Also, no reason was given why Plaintiff's counsel failed to timely provide his affidavit or billing statements supporting the claim for attorneys' fees.

Although the Court refused to continue the hearing date, Plaintiff was given a second chance to submit affidavits and other evidence by filing the evidence the day before the scheduled hearing. Docket 49. Plaintiff was specifically warned that "failure to comply with the Court's orders may result in the imposition of sanctions, including, but not limited to, striking of pleadings and dismissal of the case." *Id.*

Notwithstanding this second opportunity, Plaintiff failed to submit any evidence including any affidavit to support the claim of over $15,000 in attorneys' fees and costs. See Docket 50. In ruling on Plaintiff's motion to appear by telephone, the Court warned Plaintiff that he had not complied fully with the Court's orders and that the evidentiary hearing was his last opportunity to present his evidence. Docket 52. Plaintiff still failed to appear.

Plaintiff has had ample opportunity to present evidence in support of his motion for default judgment. Further, he was provided with sufficient notice of the Court's proceedings in relation to his motion for default judgment, and of the consequences if he failed to comply with the Court's orders.

The Court, therefore, **RECOMMENDS** that:

1. The Court **DENY** Plaintiff's motion for default judgment at Docket 44;

2. The Court **DISMISS with prejudice** Plaintiff's case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 1.07(b); and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 13, 2006.

JAMES G. GLAZEBROOK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Courtroom Deputy